UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NIGEL PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:25-cv-556 |
| | ) |
| CITY OF HOBART, | |
| HOBART POLICE | ) |
| OFFICER RAUL RAMOS, *in his official and individual capacity,* | ) |
| OFFICER MATTHEW VIATOR, *in his official and individual capacity,* | |
| OFFICER MICHAEL GALLAGHER, *in his official and individual capacity,* | |
| OFFICER KYLE BELEC, *in his official and individual capacity,* | ) |
| CAGNEY'S SALOON, | ) |
| NICK KAROUNOS, *owner/operator*, | ) |
| MICHAEL ANTHONY ROUSE and UNNAMED/UNKNOWN SECURITY PERSONNEL, *security personnel,* | |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

42 U.S.C. § 1983 - Excessive Force, False Arrest, Failure to Intervene, Malicious Prosecution, Municipal Liability; State-Law Assault, Battery, Negligence, IIED

---

## INTRODUCTORY STATEMENT

1. This civil action is brought by Plaintiff Nigel Phillips, a resident of Hobart, Indiana, who on December 16, 2023, was brutally assaulted by security personnel at Cagney's Saloon, located at 236 Main Street, Hobart, Indiana.

2. Instead of protecting a citizen who was clearly the victim of an unprovoked attack, responding officers of the City of Hobart Police Department escalated the trauma: they ignored his injuries, failed to detain or question the actual aggressors, and wrongfully arrested and prosecuted Plaintiff without probable cause.

1

3. The charges brought against him, associated with Cause Number 45G04-2401-F6-000075, were ultimately dismissed on October 8, 2024.

4. The misconduct causing these injuries was not an isolated mistake. It was the predictable result of the City of Hobart's customs, policies, and deliberate indifference toward constitutional violations, excessive force by private security personnel, and discriminatory policing practices.

5. Plaintiff brings this lawsuit to recover damages for the physical injuries, emotional trauma, reputational harm, financial losses, and constitutional violations he suffered and to ensure that such misconduct does not recur against others.

## JURISDICTION, VENUE, AND CAUSE OF ACTION

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff asserts claims arising under 42 U.S.C. § 1983.

7. This Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District under 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred in Lake County, Indiana.

9. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

10. Plaintiff's federal claims are brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, and her state-law claims are brought pursuant to Indiana law and the Indiana Tort Claims Act.

**PARTIES**

11. Plaintiff Nigel Phillips is a citizen and resident of Hobart, Indiana.

12. Defendant City of Hobart is a municipal corporation responsible for its police department's policies, practices, and supervision.

13. Defendants Officers Ramos, Viator, Gallagher, and Belec were Hobart Police Department officers acting under color of law and within the scope of their employment.

14. Defendant Cagney's Saloon is a business operating at 236 Main Street, Hobart, Indiana.

15. Defendant Nick Karounos is the owner/operator of Cagney's Saloon and is responsible for hiring, training, and supervising security personnel.

16. Defendant Michael Anthony Rouse was a security employee or bouncer at Cagney's Saloon on the date of the incident.

**FACTUAL ALLEGATIONS**

17. Plaintiff reiterates rhetorical previous paragraphs as if fully restated herein.

18. On December 16, 2023, Plaintiff lawfully entered Cagney's Saloon as a paying patron.

19. Without lawful justification, Plaintiff was surrounded by several bar patrons who became aggressive and initiated a confrontation.

20. Instead of de-escalating the situation or removing the aggressors, Defendant Rouse and other security staff applied excessive, brutal physical force to Plaintiff.

21. Plaintiff was punched, kicked, grabbed, forcibly dragged, and thrown out of the establishment.

22. Security staff failed to intervene in the assault by other patrons and further escalated the violence against Plaintiff.

23. Plaintiff sustained injuries to his head, neck, face, and knee, as well as emotional pain, anxiety, and humiliation.

24. Hobart Police Department officers, including Defendants Ramos, Viator, Gallagher, and Belec, responded to the scene.

25. Officers found Plaintiff visibly injured, confused, and attempting to recount the events.

26. Officers failed to conduct a fair or reasonable investigation.

27. Officers permitted the actual aggressors, including the security staff who assaulted Plaintiff, to leave the scene without being detained, questioned, or identified.

28. Officers then wrongfully arrested Plaintiff, treating him as the perpetrator rather than the victim.

29. Officers relied on false or incomplete accounts provided by Rouse and/or others at the bar.

30. Plaintiff was charged with crimes he did not commit.

31. Plaintiff was issued a trespass order banning him from the location.

32. Plaintiff's watch, shirt, and other personal property were damaged during the attack.

33. Plaintiff incurred medical expenses totaling more than $17,000.00, lost wages, and property loss.

34. Plaintiff endured emotional trauma, including depression, anxiety, sleep disturbance, and humiliation.

35. Plaintiff lost income due to the inability to work for DoorDash during his recovery.

36. All criminal charges against Plaintiff were dismissed on October 8, 2024.

37. Defendants' actions caused Plaintiff's injuries and damages.

38. On December 17, 2024, the Plaintiff submitted a Notice of Tort Claim to the appropriate parties.

39. The Notice of Tort Claim was either denied or deemed denied due to the parties' failure to respond.

## CAUSES OF ACTION

### COUNT I – EXCESSIVE FORCE (42 U.S.C. § 1983)
### Against Defendants Rouse and Officers Ramos, Viator, Gallagher, and Belec

40. Plaintiff reiterates rhetorical previous paragraphs as if fully restated herein.

41. The Fourth Amendment protects individuals from the use of unreasonable and excessive force by government actors.

42. Private parties (such as security personnel) acting jointly with police may also be liable under § 1983.

43. Defendant Rouse and other unknown security personnel physically assaulted Plaintiff by punching, kicking, grabbing, and forcibly dragging him, all without justification.

44. The Hobart Police Officers, after arriving at the scene, continued or exacerbated the use of force by:

    a. mishandling Plaintiff while he was injured;

    b. restraining him without cause; and

    c. ignoring his visible injuries and pleas for help.

45. At all times relevant to this action, Plaintiff was not violating any laws of the City of Hobart, County of Lake, State of Indiana, or the United States.

46. These actions were objectively unreasonable under the circumstances.

47. As a direct and proximate result, Plaintiff suffered physical injuries, medical expenses, emotional distress, and humiliation.

### COUNT II – FALSE ARREST / FALSE IMPRISONMENT (42 U.S.C. § 1983)
### Against Officers Ramos, Viator, Gallagher, and Belec

48. Plaintiff reiterates rhetorical previous paragraphs as if fully restated herein.

49. The Fourth Amendment prohibits arrest without probable cause.

50. Plaintiff did not commit a crime on December 16, 2023.

51. Despite clear evidence that Plaintiff was the victim, Defendants:

    a. failed to interview or detain the actual aggressors;

    b. credited false statements made by security personnel; and

    c. arrested Plaintiff without lawful grounds.

52. No reasonably competent officer would believe probable cause existed under these facts.

53. Plaintiff's arrest was therefore unlawful and in violation of his constitutional rights.

### COUNT III – MALICIOUS AND RACIST PROSECUTION (42 U.S.C. § 1983)
### Against Officers Ramos, Viator, Gallagher, and Belec

54. Plaintiff reiterates rhetorical previous paragraphs as if fully restated herein.

55. Officers initiated or influenced the criminal case associated with Cause Number 45G04-2401-F6-000075.

56. Officers prepared and submitted reports containing falsehoods, inaccuracies, and/or omissions favorable to the actual perpetrators.

57. Officers lacked probable cause but nevertheless caused charges to be filed.

58. The prosecution terminated in Plaintiff's favor when the charges were dismissed on October 8, 2024.

59. As a result, Plaintiff suffered emotional distress, reputational harm, and financial losses.

### COUNT IV – FAILURE TO INTERVENE (42 U.S.C. § 1983)
### Against Defendants Officers Ramos, Viator, Gallagher, and Belec

60. Plaintiff reiterates rhetorical previous paragraphs as if fully restated herein.

61. Officers who witness constitutional violations have an affirmative duty to intervene if they can prevent the harm.

62. Defendants were present during the:

    a. escalation of force;

    b. unlawful arrest; and

    c. fabrication or omission of critical facts in reports.

63. Each officer had a realistic opportunity to stop or prevent the misconduct, but failed to act.

64. Their failure to intervene directly resulted in Plaintiff's constitutional injuries.

### COUNT V – MUNICIPAL LIABILITY (MONELL) (42 U.S.C. § 1983)
### Against Defendant City of Hobart

65. Plaintiff reiterates rhetorical previous paragraphs as if fully restated herein.

66. A municipality is liable under § 1983 when a constitutional violation results from an official policy, custom, or failure to train or supervise.

67. The City of Hobart maintained unconstitutional customs and practices, including but not limited to:

    a. allowance of excessive force by private security working jointly with police;

    b. failure to train officers on probable cause and victim identification;

    c. discriminatory enforcement practices;

    d. inadequate supervision and discipline; and

    e. widespread tolerance of substandard investigations.

68. These deficiencies and policies were the moving force behind the violations of Plaintiff's rights.

69. As a result, Plaintiff suffered physical, emotional, and financial harm.

### COUNT VI – INTIMIDATION AND BATTERY (Indiana State Law)
### Against Defendants Rouse, Cagney's Saloon, and Karounos

70. Plaintiff reiterates rhetorical previous paragraphs as if fully restated herein.

71. Defendants racially profiled and intentionally placed Plaintiff in apprehension of harmful contact (intimidation).

72. Defendants racially profiled and intentionally made harmful and offensive physical contact with Plaintiff (battery).

73. Cagney's Saloon and Karounos are vicariously liable for the conduct of their employees acting in the course of employment.

74. Plaintiff suffered physical injuries, medical expenses, pain, and emotional distress.

### COUNT VII – NEGLIGENCE (Indiana State Law)
### Against Defendants Cagney's Saloon and Karounos

75. Plaintiff reiterates rhetorical previous paragraphs as if fully restated herein.

76. Cagney's Saloon owed a duty to maintain reasonably safe premises and to employ competent security personnel.

77. Defendants breached that duty by:

    a. failing to supervise or train security staff,

      b. allowing excessive force practices,

      c. failing to de-escalate dangerous confrontations,

      d. failing to protect patrons from foreseeable harm.

78. Their negligence caused Plaintiff's injuries and damages.

### COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Indiana State Law)
### Against All Defendants

79. Plaintiff reiterates rhetorical previous paragraphs as if fully restated herein.

80. Defendants' conduct, including physical assault, wrongful arrest, malicious prosecution, and spreading false information, was extreme and outrageous.

81. Defendants either intended to cause emotional distress or acted with reckless disregard of its likelihood.

82. Plaintiff suffered severe emotional distress, including anxiety, depression, and humiliation.

### PUNITIVE DAMAGES

83. Plaintiff seeks punitive damages against all individual Defendants for willful, malicious, oppressive, and reckless disregard of Plaintiff's rights.

### REMEDY

**WHEREFORE,** Plaintiff, Nigel Phillips, by counsel, Mark Nicholson, respectfully requests the following relief against Defendants Officer Raul Ramos, Officer Matthew Viator, Officer Michael Gallagher, Officer Kyle Belec, Cagney's Saloon, Nick Karounos, Michael Anthony Rouse, and the City of Hobart herein, jointly, and separately:

      a. Accept jurisdiction of this cause and set it for hearing.

b. Declare that the Defendants violated the constitutional rights of the Plaintiff and Indiana law for the reason(s) described above.

c. Following a jury trial, award the Plaintiff nominal, compensatory, and punitive damages.

d. Award the Plaintiff his costs and attorney fees pursuant to 42 U.S.C. § 1988.

e. Award all other proper relief.

Respectfully submitted,

*/s/ Mark Nicholson*
Mark Nicholson #28311-49
Law Office of Mark Nicholson
9702 E. Washington St., Suite 171
Indianapolis, IN 46229
317-219-3402
mark@marknicholsonlaw.com

## JURY DEMAND

Plaintiff hereby demands that this matter be tried before a jury.

Respectfully submitted,

*/s/ Mark Nicholson*
Mark Nicholson #28311-49
Law Office of Mark Nicholson
9702 E. Washington St., Suite 171
Indianapolis, IN 46229

                                        317-219-3402
                                        mark@marknicholsonlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on **December 12, 2025,** a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court system.

**City of Hobart**
**c/o Corporation Counsel**
**705 E. 4th St.,**
**Hobart, IN 46342**

11

**Chief of Police Garrett Ciszewski**
**City of Hobart Police Department**
**705 E. 4th St.,**
**Hobart, IN 46342**

**Officer Raul Ramos**
**City of Hobart Police Department**
**705 E. 4th St.,**
**Hobart, IN 46342**

**Officer Matthew Viator**
**City of Hobart Police Department**
**705 E. 4th St.,**
**Hobart, IN 46342**

**Officer Michael Gallagher**
**City of Hobart Police Department**
**705 E. 4th St.,**
**Hobart, IN 46342**

**Officer Kyle Belec**
**City of Hobart Police Department**
**705 E. 4th St.,**
**Hobart, IN 46342**

**Cagney's Saloon**
**236 Main St.**
**Hobart, IN 46342**

**Nick Karounos, Owner**
**236 Main St., Hobart, IN 46342**

**Michael Anthony Rouse, Security Staff**
**236 Main St.**
**Hobart, IN 46342**

*/s/ Mark Nicholson*
Mark Nicholson, #28311-49